NORMAN M. KABATZNICK *v.* JOAN S. KABATZNICK

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 7—decision released May 30, 1978

*Edwin G. Hebb, Jr.,* with whom was *Alan R. Baker,* for the appellant (defendant).

*Irwin D. Mittelman,* with whom, on the brief, was *Michael J. Kiely,* for the appellee (plaintiff).

PER CURIAM. Upon the entry of a judgment dissolving the marriage between the parties, the court ordered the sale of their jointly owned residence not later than four months from June 29, 1976. The time for sale of the property having passed, the plaintiff husband on January 5, 1977, moved to open the judgment "so that the Court may now determine a new date for the sale of said property." Thereafter, on January 21, 1977, Edwin G. Hebb, Jr., filed an appearance as attorney for the defendant "in lieu of appearance of attorney . . . John Carrozzella already on file." Pursuant to Practice Book, 1963, § 42 (b), the defendant's counsel of record, Attorney Carrozzella, filed a timely objection to the appearance of Attorney Hebb and requested a hearing regarding the matter.

On January 27, 1977, at a hearing, both issues were brought to the attention of the court. The court modified the judgment and ordered that the sale of the property be made on or before May 1, 1977, but took no action regarding the representation of the defendant, and she has appealed.

It appearing that at the time the court acted on the plaintiff's motion to open, it had before it Attorney Carrozzella's objection to the appearance

of Attorney Hebb, and it further appearing that the court did not act upon that objection before granting the motion to open, its order setting a new date for the sale of the parties' property is vacated and the case is remanded with direction to conduct a hearing to determine whether the defendant demands the withdrawal of Attorney Carrozzella and the appearance of Attorney Hebb to represent her in all future proceedings in this matter, so that the defendant might be properly protected. While it is axiomatic that as a general rule it is the court and not the parties which determines the order in which matters before it are disposed of, that sound and necessary rule cannot function so as to allow proceedings to continue without first resolving the basic question of representation.

There is error, the order opening the judgment is vacated and the case is remanded for further proceedings not inconsistent with this opinion.